[Civ. No. 20885.   First Dist., Div. Two.   May 17, 1963.]

FRANCES KELLY ARNOLD, Plaintiff and Respondent, v. J. HOWARD ARNOLD, Defendant and Appellant.

J. Howard Arnold, in pro. per., for Defendant and Appellant.

Clarence DeLancey for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal by the husband from an order denying him suit money in his wife's action for divorce. The appeal is on a settled statement. The respondent-wife filed her complaint for divorce in November 1961, alleging extreme mental cruelty and seeking custody of the four minor children, alimony and child support. Appellant answered and asked that a divorce be denied on grounds of condonation and recrimination. Respondent's memorandum to set was filed January 8, 1962, appellant's opposition thereto on January 15, 1962, and his motion to strike from the calendar in May 1962. Pretrial conference was held on June 1, 1962, and the cause set for a jury trial on July 2. Thereafter, appellant filed two writs which were denied and the matter was reset for a nonjury trial on October 1. On June 7, appellant filed his notice of motion for suit money. Respondent's affidavit in opposition to the motion stated that she was employed in two positions and earned $35 a week; that for the past 13 years, the appellant had never worked. The motion was heard and denied by the court on June 12.

This appeal, in propria persona, ensued. The sole contention on appeal is that the trial court abused its discretion in denying the motion. There is no merit in this contention.

Section 137.3 of the Civil Code provides that the court may order either party to pay such amount as may be reasonably necessary for the cost of the action, if such relief is requested in the answer. Appellant made no such request in his answer and has failed to make a showing of abuse of discretion on the part of the trial court in denying his motion (*Goto* v. *Goto,* 187 Cal.App.2d 594 [10 Cal.Rptr. 14]; *Weil* v. *Weil,* 37 Cal.2d 770 [236 P.2d 159]). Appellant's contention that the trial court should have stayed the proceedings until funds became available is merely a further attempt on his part to oppose the proceedings and harass the respond-

ent and this court. We think this appeal borders on the frivolous.

Order affirmed.

Shoemaker, J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1963.